Matthew Nguyen (SBN: 270558)
matthewnguyen.esq@gmail.com
Thomas DeMuth (pro hac vice application pending)
tdemuth@demuthassociates.com
4930 Campus Drive
Newport Beach, CA 92660

Proposed Counsels for the Debtor
And Debtor in Possession

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

SAINT CLOUD, INC.,

    Debtor,

Case No.: 25-bk-41443 WJL

Chapter 11

**MOTION TO IMPOSE AUTOMATIC STAY**

## I. INTRODUCTION

On July 18, 2023, the Debtor and The Acceleration Group, LLC ("TAG") entered into a Factoring and Security Agreement ("Factoring Agreement") Walker Decl. (Exhibit X) pursuant to which TAG in essence made a loan to Debtor. Soon after the agreement, it became clear that TAG intended to remove Ray Walker, the Debtor's sole owner, to gain control of the company. TAG then contacted each of the Respondents and alleged that the Debtor was in default pursuant to the Factoring Agreement. TAG then instructed Respondents to withhold all payments to Debtor and to forward these funds to TAG. The Debtor contacted each of the Respondents and informed the Respondents there was not

default pursuant to Factoring Agreement. The Respondents were stuck in the middle and did not know whether to believe Debtor or TAG.

The dispute between Debtor and TAG regarding whether a default occurred resulted in the Debtor losing access to its cash flow. As a result, Debtor had to file bankruptcy to obtain access to its cash flow.

Debtor initially filed bankruptcy on May 21, 2025 ("Case 1") and Case 1 was dismissed by this Court on July 9, 2025. Debtor then filed a new bankruptcy on August 12, 2025 ("Case 2").

## II. FACTUAL BACKGROUND

<u>Park Street</u>

1. Park Street has been Debtor's registered national wholesale partner since Debtor's inception in 2019. At the beginning of Case 1, Park Street was holding $166,075 on behalf of the Debtor. *See* Declaration of Ray Walker in Support of Motion to Enforce Automatic Stay Exhibit A.

2. After the filing of Case 1, Debtor sent written notice to Park Street on May 28, 2025, stating Park Street had to deliver the funds to Debtor as the debtor in possession. Walker Decl. Exhibit B. Debtor wrote another email to Park Street on June 23, 2025, requesting immediate release of the funds. Walker Decl. Walker Decl. ¶ 1, Exhibit C. Debtor's counsel, Thomas DeMuth emailed Lisette Torres, Park Street's Operation Manager on June 13, 2025, attempting to clarify the magnitude of the automatic stay. Walker Decl. ¶ 1, Exhibit D. Park Street's attorney Don Lewis responded on June 13, 2025, communicating that the position of Park Street that the Bankruptcy Automatic Stay didn't concern them. Walker Decl. ¶ 1 Exhibit E. Park Street's attorney, Don Lewis, reached out on June 23, 2025, defending their position that they were holding funds due to there being a disagreement regarding the ownership of the funds in the Debtor's account due to false claims by TAG. Park Street stated they were going to ignore the Stay imposed 11 U.S.C. § 362(a) and that

Case: 25-41443    Doc# 32    Filed: 09/16/25    Entered: 09/16/25 18:04:06    Page 2 of 6

Park Street will not adhere to the automatic stay unless explicitly directed by this Court. Walker Decl. ¶ 2, Exhibit F.

3. On August 15, 2025, the Debtor, as part of Case 2, notified Park Street Imports of the bankruptcy filing by email, Walker Decl. ¶ 4, Exhibit W. The Debtor explained that in a Subchapter V bankruptcy the debtor, as the debtor in possession, has the right operate the business which includes the right to collect funds due to the debtor despite the requirements of 11 U.S.C. sec. 541. Walker Decl. ¶ 4, Exhibit G.

4. Don Lewis responded on behalf of Park Street by email acknowledging receipt of the Bankruptcy notification. His direct response stated, "I write to acknowledge receipt of your attached letter. Park Street's position, as previously communicated in our correspondence to Saint Cloud, remains unchanged. Park Street's position was that it will not deliver the funds it is holding for the Debtor unless there is explicit direction to do so by a Judge." Walker Decl. Exhibit H.

5. A recent statement from Park Street on 9/10/2025 indicates Park Street is now holding $159,522 of Debtor's funds. Walker Decl. Exhibit I. During the time the stays were in effect for Case 1 and Case 2, Park Street has deducted $19,600 from Debtor's funds. Walker Decl. Exhibit I.

Arkansas Wine & Spirits

6. Arkansas has been Debtor's sole Arkansas distributor since 2020. As such, AWS would collect funds on behalf of Debtor and then forward these funds to Debtor.

7. As part of Case 1, Thomas DeMuth, on behalf of Debtor, sent written notice to Arkansas on June 6, 2025. Debtor filed Subchapter V bankruptcy and all funds held by Arkansas on behalf of Debtor need to be forwarded to Debtor.

Walker Decl. Exhibit J. Arkansas Wine and Spirits owner, Robby Vogel replied by stating "I have copied our attorney on this reply. I hope ya'll can discuss so we can resolve as quickly as possible." Arkansas Wine and Spirits attorney, Patrick Spivey wrote back requesting a call to discuss details of the matter with Thomas DeMuth. Walker Decl. Exhibit K. Arkansas was holding $42,226.40 at the time of this notice. Walker Decl. Exhibit L.

8. On September 10th, 2025, Debtor sent written notice to Arkansas stating that Case 2 had been filed. Walker Decl. Exhibit M .On September 10th, 2025, Arkansas again responded that they will notify their attorney. Walker Decl. Exhibit N.

Green Light

9. Green Light was the Debtor's sole distributor in Texas. Green Light would collect funds on behalf of Debtor and then forward those funds to Debtor. At the time Case 1 was filed, Green Light was holding $219,744 on behalf of Debtor. Walker Decl. Exhibit O and $18,720 Walker Decl. Exhibit P. The combined balance at this time was $238,464.

10. On July 28, 2025, Debtor contacted regarding release all inventory owned by Debtor. Greenlight would not respond definitively until August 13th when Debtor informed Greenlight of Case 2. Walker Decl. Exhibit Q.

11. The inventory was owed as Greenlight had previously forced Debtor to Credit Greenlight for the remaining inventory. Greenlight immediately offered to make the inventory available for pickup. The issue here is the previous withholding of funds. Walker Decl. Exhibit R.

Corning and Company

- 4 -

12. Corning and Company is a co-packer and a beverage bottler for Debtor. Corning is currently holding a substantial amount of finished goods as well as the entirety of Saint Cloud's packaging material which includes bottles, labels and boxes. Walker Decl. Exhibit S and Walker Decl. Exhibit T.

13. Debtor emailed Corning on August 13, 2025, notifying Corning of Case 2 which they did not respond to. Walker Decl. Exhibit U and Walker Decl. Exhibit V. There was no response by Corning and Company.

### III. DISCUSSION

The Court should grant the Motion to Enforce the Stay because Park Street, Arkansas, Green Light and Corning were all given written notice (i) of the filings of Case 1 and Case 2, (ii) Case 1 and Case 2 were filed pursuant to Subchapter V of Chapter 11, (iii) in good faith (Declaration of Ray Walker, ¶ 2). The Debtor is acting as a debtor in possession and has the right to collect and assemble all funds, product and inventory without an Order from this Court or the Trustee, and (iv) all Respondents failed to comply with the law and the instructions of the debtor in possession. Further, the Respondents have not raised any objections to the enforcement of the Stay; instead, they are seeking a Court order directing that the funds, products, and inventory be transferred to the Debtor as the debtor in possession. The respondents have acknowledged they must deliver the funds to debtor, but they will not do so until so ordered by this court. The Debtor's business has been substantially harmed by the failure of the Respondents to comply with this requirement.

## IV. CONCLUSION

For all the reasons stated in this motion, the court should grant this motion, so the respondents deliver the funds, products and inventory they are holding on behalf of debtor.

Dated: September 16, 2025     By:  /s/ Matthew Nguyen (SBN 270558)
                                   Matthew Nguyen
                                   Attorney for Debtor SAINT CLOUD, INC.

- 6 -

Case: 25-41443    Doc# 32    Filed: 09/16/25    Entered: 09/16/25 18:04:06    Page 6 of 6

MOTION TO IMPOSE AUTOMATIC STAY CASE NO.: 25-BK-41443 WJL